MONMOUTH COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF MARTIN TENNESON, DECEASED.

Decided April 15, 1940.

For Rolf A. Christensen, Norwegian consul-general, representing the next of kin, *Louis R. Kagan.*

For Dr. Theodore Schlossbach, a creditor of Martin Tenneson, deceased, *Benjamin M. Schlossbach.*

GIORDANO, C. P. J.   This matter comes on before me in the nature of an application for letters of administration by Dr. Theodore Schlossbach, a creditor of the late Martin Tenneson, who died a resident of the borough of Bradley Beach, in this county, in the year 1939, and a cross application by Rolf A. Christensen, Norwegian consul-general, representing the next of kin, all residents of the Kingdom of Norway. Martin Tenneson according to the proofs submitted was an alien resident at the time of his death.

The memorandums filed with the court discuss at great length the right of a foreign consul to be appointed administrator of an estate.   There is in existence a treaty between the

Kingdom of Norway and the United States, which contains "the most favored nation clause," and it is maintained that as a result of this treaty the Norwegian consul has an exclusive right to administrate all estates of all subjects of the power he may represent, who may die intestate in this state.

Current decisions on the subject hold that where a treaty is in existence, that a foreign consul may be appointed administrator of such estates. This is not an exclusive right, nor is it a superior right. Consuls are given the right to be one of those who may be appointed as administrator, and this qualifies them as proper parties to receive letters of administration. It does not exclude others ordinarily entitled to letters.

The Revised Statutes under title 3:7-6 provides as follows:

"If any person dies intestate, administration of the personal estate of such intestate shall be granted to the surviving spouse of such intestate, if he or she will accept the same, and, if there be no such person, then to the next of kin of such intestate, or some of them, if they or any of them will accept the same, and, if none of them will accept the same, then to such other proper person as will accept the same."

The above section controls this question, and I think that upon the principle which underlies the grant of administration, only one result must be reached. The principle referred to is that the administration of an estate is to be committed to those who are the ultimate or the residuary beneficiaries; that is, to those to whom the residue of the estate will go, when the administration is completed.

The right of administration grows out of the right to distribution, and those, therefore, who are entitled to intestate's clear estate, have an exclusive primary right to administration, and where the court has discretion to select one or more from a class, and there are several claimants, it should, in deciding, in whom the grant should be made, give full consideration to not only the moral fitness and integrity of the several claimants, but to all factors which are pertinent to the best interests of the distributees.

In the situation before me all of the next of kin have by power of attorneys and renunciations designated the Nor-

wegian consul-general of New York, in the United States, as their nominee and lawful substitute, to apply for and obtain letters of administration of the estate of the said Martin Tenneson, deceased.

As a general rule, the court would approve the nominee designated by the next of kin against whom no objection exists, although it is not bound to do so. In the present instance, the court takes judicial notice of the chaos that now exists in the Kingdom of Norway as a result of the German invasion, and, because of the uncertainties of war and the status of the Norwegian government, the court is of the opinion that it would be for the best interests of all concerned to designate a person who would be in a position to carry out the administration of this estate to its full completion without interruption on account of any eventualities.

Where as in the instant application, objection is raised to the appointment of a creditor, by the next of kin, who are also applying, and who ordinarily would be entitled to administration, the court is of the opinion that the creditor should withdraw.

The application of Dr. Theodore Schlossbach and Rolf A. Christensen, Norwegian consul-general, are refused, and the court will appoint a stranger as administrator of the estate of Martin Tenneson, deceased.